UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIFFANY ANNE PARKES,

               Plaintiff,

    – *against* –

BLUEMENFELD DEVELOPMENT GROUP, LTD., and FIRST SERVICE RESIDENTIAL, INC.,

               Defendants.

**ORDER**

25-cv-00074 (ER)

Ramos, D.J.:

      Tiffany Anne Parkes, proceeding *pro se*, filed the instant case on January 3, 2025, against Bluemenfeld Development Group, Ltd., and FirstService Residential Inc. (collectively "Defendants"). Doc. 1. Parkes alleged that defendants allowed unauthorized entrance into her apartment while she was absent, removed the SIM cards from her electronic devices, and failed to provide a secure dwelling which made her sick from the "toxicity in the apartment." *Id.* The initial complaint included claims for: (1) theft of personal property pursuant to the Fourth Amendment of the United States Constitution; (2) arbitrary or unlawful interference with her home and privacy pursuant to Article 17 of the International Covenant on Civil and Political Rights; (3) tempering with evidence pursuant to New York Penal Law § 215.40; (4) breach of warranty of habitability pursuant to the New York state law, Chapter 50, Article 7, Section 235-B. Doc. 1 at 1.

      On January 16, 2025, after review of the initial complaint, the Court determined that the case lacked diversity jurisdiction because all of the parties were citizens of New York, and likely lacked federal question jurisdiction, and directed Parkes to show cause as to why this case should

not be dismissed for lack of federal jurisdiction. Doc. 5. Specifically, the Court noted that the Fourth Amendment only applies to "governmental actions," and neither defendant is a government actor. *See United States v. Maher*, 120 F.4th 297, 309–10 (2d Cir. 2024) (citing *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921)). Moreover, the ICCPR "does not create a private cause of action in United States courts." *Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 257 n.35 (2d Cir. 2003).

In response, Parkes filed a letter dated February 5, 2025, Doc. 6, acknowledging that neither Defendants was a government actor but arguing that C.I.A. agents would need the permission of Defendants to gain access to her apartment and the elevator in her building, "mak[ing] [Defendants] co-actors with government agents." Doc. 6 at 2–3. Parkes also asserted, in a conclusory fashion, that "[a]dditionally, 18 U.S.C. § 1029 is applicable to this case," on which her original complaint did not rely. *Id.* at 3.

On February 13, 2025, Parkes filed an amended complaint. Doc. 7. Parkes re-alleges her claim of theft of personal property pursuant to the Fourth Amendment. *Id.* at 1. Parkes also re-alleges a claim of violation of privacy and home and of breach of warranty of habitability pursuant to 18 U.S. C. §§ 241 and 249, both are criminal statutes. *Id.* Parkes also re-alleges the two state law claims: (1) breach of warranty of habitability pursuant to Chapter 50, Article 7, Section 235-B; and (2) tampering with physical evidence pursuant to New York Penal Law § 215.40.[1] Doc. 6 at 1.

The Court holds submissions by *pro se* litigants to "less stringent standards" and liberally construes their pleadings "to raise the strongest arguments that they suggest." *Karuppasamy v. United States Citizenship & Immigration Services*, No. 20 Civ. 7823 (ER), 2021 WL 3621789, at

---

[1] In directing Parkes to show cause of the Court's federal jurisdiction, the Court explained that a plaintiff cannot enforce criminal law through a civil action. Doc. 5 at 2.

\*3 (S.D.N.Y. Aug. 13, 2021) (citing *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)) (internal citations omitted).  Nonetheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Karuppasamy*, 2021 WL 3621789, at \*3 (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)); *see also Zapolski v. Federal Republic of Germany*, 425 F. App'x. 5, 6 (2d Cir. 2011) (*pro se* plaintiffs must plead sufficient facts to establish a plausible claim to relief and establish subject matter jurisdiction).

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case.  *See Mason Tenders Dististrict Council of Greater New York and Long Island v. CAC of New York, Inc.*, 46 F. Supp. 3d 432, 435 (S.D.N.Y. 2014).  The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists.  *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

Federal subject matter jurisdiction exists only when a federal question is presented or when there is diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331–1332.  Lack of subject matter jurisdiction is not waivable, and a party, or the Court, may raise it at any time as a reason to dismiss the case.  *See Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003).  The burden of proving subject matter jurisdiction is on the plaintiff and "[j]urisdiction must be shown affirmatively."  *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003).

Nothing in the amended complaint cures the failure to establish jurisdiction the Court noted in the initial complaint.  In the first instance, Parkes does not explain how the Fourth

Amendment applies to her case as none of the defendants are state actors. Additionally, both 18 U.S. C. §§ 241 and 249 are criminal statutes and do not provide a private right of action. *Gamarra v. Paul*, No. 24 Civ. 6167(GRB)(ST), 2024 WL 4198506, at *4 (E.D.N.Y. Sept. 16, 2024). Finally, as regards her state law claims, when a court determines that there is no original federal subject matter jurisdiction over the suit, as the Court has done here, it cannot exercise supplemental jurisdiction over state law claims. *Sharehold Representative Services LLC v. Sandoz Inc.*, No. 12 Civ. 6154 DLC, 2013 WL 4015901, at *7 (S.D.N.Y. Aug. 7, 2013).

Parkes' amended complaint provides no basis for the exercise of federal subject matter jurisdiction. Therefore, Parkes' action is dismissed. The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   March 3, 2025
         New York, New York

_____
Edgardo Ramos, U.S.D.J.

4